# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| XTRA LEASE LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-02212 JAR ) |
| 4D DAYLIGHT-TO-DARK AG SERVICES, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 12) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

XTRA Lease LLC ("XTRA"), a Delaware limited liability company with its principal place of business located in St. Louis, Missouri, rents and leases trailers to various companies. (Petition ("Pet."), Doc. No. 6 at ¶¶ 1, 6). XTRA and Defendant 4D Daylight-To-Dark AG Services, LLC ("4D") entered into an Equipment Lease Agreement and certain Equipment Rental Agreements (collectively referred to as "Equipment Lease Agreement"),[1] wherein XTRA agreed to lease and rent certain identified trailers to 4D in exchange for a promise to make payments in accordance with the terms of the Agreements. (Pet. ¶ 9). However, XTRA contends that 4D has failed to make such payments. (Pet. ¶¶ 11-13). XTRA further alleges that Defendants

---

[1] XTRA further alleges that 4D also entered into an Assignment Agreement, whereby it unconditionally assumed the terms of and also agreed to be legally obligated to XTRA Lease under prior Equipment Rental Agreements entered into by Bull Energy Services & Rentals, LLC. (Pet. ¶ 7).

1

Kane and Alana Carpenter ("the Carpenters"), believed to be the principals of 4D, entered into a Personal Unlimited Continuing Guaranty Agreement ("Guaranty Agreement") wherein they agreed to guarantee all of 4D's liabilities and obligations under the Agreements. (Pet. ¶¶ 14-25).

The Equipment Lease Agreement includes contractual "Standard Terms and Conditions" which contain the following forum selection clause:

> 31. CHOICE OF LAW; VENUE; JURY TRIAL WAIVER. … [4D] and XTRA Lease each hereby submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of or related to the Lease, and ***hereby waive, to the fullest extent permitted by law, any objection to that venue*** for any action arising out of or related to the Lease. Any action arising out of the Lease may be properly filed in the Circuit Court of St. Louis County, Missouri; however, XTRA Lease reserves its right to bring suit in any other appropriate jurisdiction.

(Doc. No. 2-1 at 46, ¶ 31) (emphasis added). The Guaranty Agreement also contains a forum selection clause which provides:

> GUARANTOR IRREVOCABLY AGREES THAT ALL ACTIONS RELATING TO THIS GUARANTY SHALL BE INSTITUTED AND LITIGATED ONLY IN, AND THE GUARANTOR HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION AND VENUE OF, THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI OR THE U.S. DISTRICT COURT, EASTERN DISTRICT OF MISSOURI <u>AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS</u>.

(Doc. No. 2-1 at 2) (emphasis added).

On June 28, 2017, XTRA filed a petition in the Circuit Court of St. Louis County, Missouri, against Defendants for damages resulting from their alleged breach of the Equipment Lease Agreement and the Guaranty Agreement. The Carpenters removed the case to this Court on the basis of diversity jurisdiction and 4D filed a Consent to Removal (Doc. Nos. 1, 4). XTRA moves to remand the case on the grounds that Defendants cannot satisfy the unanimity

requirement for removal pursuant to 28 U.S.C. § 1446[2] because 4D contractually waived its right to removal and its right to consent to removal. (Doc. No. 13 at 5-7). XTRA also contends the Carpenters waived their right to remove by agreeing to assume 4D's duties and obligations, including its agreement to litigate in St. Louis County and waive any right to contest that jurisdiction. Lastly, XTRA asserts that under the forum selection clause of the Guaranty Agreement, once suit was brought in St. Louis County, the Carpenters consented to St. Louis County venue and unequivocally waived their right to contest that venue. (Id. at 8-9).

Defendants jointly oppose remand, arguing there is nothing in the terms of the Equipment Lease Agreement that prohibits 4D from consenting to removal (Doc. No. 20 at 3). Defendants further argue the Carpenters did not waive their right to select venue in the federal district court through a guaranty of performance of the underlying Lease Agreement by 4D. That is, 4D's agreement to litigate in St. Louis County is not an obligation, duty or undertaking that the Carpenters agreed to assume under the Guaranty Agreement. (Id. at 3-4) Lastly, Defendants argue that by virtue of a conflict between the forum selection clauses of the Equipment Lease Agreement and Guaranty Agreement, XTRA either consented to or waived its right to object to jurisdiction in this Court and that the case was properly removed. (Id. at 4-5).

In reply, XTRA argues that by waiving its right to removal, 4D has also waived its right to consent to removal, citing Push Pedal Pull, Inc. v. Casperson, 971 F. Supp.2d 918, 929 (D.S.D. 2013) ("Here, the Agreement's forum selection clause is valid and mandatory, it waived Casperson's right to remove, and it thereby waived his right to consent."). Because 4D cannot consent to removal, Defendants cannot satisfy the unanimity needed for removal and the case

---

[2] Specifically, § 1446(b)(2)(A) provides:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

must be remanded. (Doc. No. 23 at 2). XTRA further argues there is no conflict between the forum selection clauses of the Equipment Lease Agreement and the Guaranty Agreement, because neither contemplate nor permit Defendants filing suit in federal court or having the right to remove the action to federal court. (Id. at 3-5).

**Discussion**

28 U.S.C. § 1441 generally provides a defendant in a state civil case the right to remove that case to federal district court, assuming the case could have been brought there originally. Valspar Corp. v. Sherman, 211 F. Supp. 3d 1209, 1211 (D. Minn. 2016) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005)). In turn, the plaintiff may move to have the case remanded if subject matter jurisdiction is lacking, or if some other defect makes removal improper. Id.; 28 U.S.C. § 1447(c). Courts considering the issue, including the Eighth Circuit, have concluded that removal in the face of a valid forum selection clause fixing venue in the state courts is the sort of defect that qualifies a case for remand. Valspar, 211 F. Supp. 3d at 1211 (collecting cases). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." XTRA Lease LLC v. EJ Madison, LLC, No. 4:14CV1866 RLW, 2015 WL 3694712, at *2 (E.D. Mo. June 12, 2015) (quoting M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999)). Where, as here, there is no allegation of fraud or overreaching, the only issue for the Court's determination is whether the language of the clause acts as a waiver of the right to remove the case to federal court. Valspar, 211 F. Supp. 3d at 1212.

In the Eighth Circuit, a contractual waiver of the right to remove must be "clear and unequivocal." See iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081 (8th Cir. 2005) (per curiam); Weltman v. Silna, 879 F.2d 425, 427 (8th Cir. 1989). However, the waiver need

4

not contain "explicit words, such as 'waiver of right of removal,'" to be "clear and unequivocal." Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796, 797 (5th Cir. 2001), cited with approval in iNet Directories, 394 F.3d at 1082.

In Weltman, the court found the forum selection clause lacked a "clear and unequivocal" waiver because it "did not address removal." 879 F.2d at 427. As several district courts have noted, however, because the language of the clause was not set out in the opinion, Weltman is of limited value. Valspar, 211 F. Supp. 3d at 1212 (citing cases). In iNet Directories, the forum selection clause stated, "[t]he Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri." 394 F.3d at 1081. The district court enforced the forum selection clause and remanded the case. Id. at 1081-82. The Eighth Circuit agreed that the clause unambiguously waived any objection to venue in Missouri state court, including removal to federal court, and affirmed the district court's decision. Id. at 1082. Together, Weltman and iNet stand for the proposition "that a simple agreement that venue is proper in a particular court is not a 'clear and unequivocal' waiver of the right to remove, but a waiver of the right to object to venue does constitute a 'clear and unequivocal' waiver of the right to remove." Push Pedal, 971 F. Supp. 2d at 928 (quoting Mihlfeld & Assocs., Inc. v. Glock, Inc., No. 05–3085–CV–S, 2005 WL 1009579, at *2 (W.D. Mo. Apr. 27, 2005)).

Here, the forum selection clause of the Equipment Lease Agreement provides that the parties "waive, to the fullest extent permitted by law, any objection to [venue in the Circuit Court of St. Louis County, Missouri] for any action arising out of or related to the Lease." Like the

5

clause in iNet, the clause plainly precludes a party from objecting to venue by removing a case to federal court once the suit is brought in a Missouri state court. Although neither clause specifically mentions removal, both are sufficiently clear and unequivocal expressions of the parties' intent to restrict all litigation between them to the state court. Valspar, 211 F. Supp.3d at 1214.

Moreover, this Court has found a virtually identical forum selection clause to be a sufficiently "clear and unequivocal" expression of the parties' intent to restrict all litigation between them to the Circuit Court of St. Louis County, Missouri, so as to operate as a waiver of the right of removal. See XTRA Lease LLC v. Century Carriers, Inc., No. 4:09CV2041 RWS, 2010 WL 431787, at *2 (E.D. Mo. Feb. 2, 2010). XTRA was, therefore, entitled to bring this action in the Circuit Court of St. Louis County, Missouri. Once the lawsuit was filed there, the forum selection clause prohibited 4D from objecting to venue.

Under the "rule of unanimity," it is well established that, except in a few limited circumstances not present here[3], all defendants in a multi-defendant case must consent to removal, or the case will be remanded. Valspar, 211 F. Supp.3d at 1214-15 (citing cases). Even if the Carpenters did not waive their right to removal under the Guaranty Agreement, this action must still be remanded because the rule of unanimity has not been satisfied; 4D contractually waived its right to join in or consent to removal. "A valid forum selection clause contractually barring one defendant from consenting to removal prevents removal by any defendant." Id.

Accordingly,

---

[3] The three recognized exceptions to the rule of unanimity are: (1) when a co-defendant has not been served at the time the removal petition is filed; (2) when a co-defendant is only a "nominal" defendant; and (3) when the removed claim is separate and independent under 28 U.S.C. 1441 (c). Jones v. Kremer, 28 F. Supp.2d 1112, 1113 n.2 (D. Minn. 1998).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [12] is **GRANTED** and this matter shall be remanded to the Twenty-First Circuit Court, St. Louis County, Missouri.

Dated this 23rd day of October, 2017.

_/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**